## ROGER WELLES, ASSIGNEE *vs.* WESTELL RUSSELL.

P. a sheriff's deputy delivered certain property which he had attached to S. and took a receipt. Execution was issued in the suit in which the property had been attached, and placed in P.'s hands, who made demand for the property of S., who refused to deliver it. P., being unable to find other property on which to levy, returned the execution unsatisfied, and immediately brought suit on the receipt against S. in his own name, and obtained judgment, which was collected in full by his administratrix after his decease. No demand was made on P. for the original debt, but after the money had been collected of S. demand was made on P.'s administratrix.

In an action against the sheriff for P.'s default, brought more than two years after the return of the execution by P., Held that a cause of action accrued against the defendant immediately upon the return of the execution by P. unsatisfied, but that during the pendency of the suit on the receipt there was

a continuing acknowledgment of liability by *P.* for the original debt, and that the defendant was estopped by the proceedings in that suit from denying his liability, and that consequently the statute of limitations was no bar to the action.

ACTION ON THE CASE against the defendant as sheriff of Hartford county, for the default of his deputy; brought to the Court of Common Pleas in Hartford county, and tried on the general issue closed to the court, with notice of the statute of limitations. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*R. Welles,* plaintiff, *per se,* cited Gen. Stat., tit. 56, secs. 12, 13, 22, 23, 27, 28; id., tit. 39, sec. 8; *Taylor* v. *Bates,* 5 Cow., 379; *Esty* v. *Chandler,* 7 Mass., 464; *Woodbridge* v. *Morse,* 5 N. H., 519; Rev. Stat. Mass. (1836), 699, ch. 120, sec. 3; *Stillman* v. *Isham,* 11 Conn., 124; *Weston* v. *Ames,* 10 Met., 244; *King* v. *Rice,* 12 Cush., 161; *Hutchinson* v. *Parkhurst,* 1 Aiken, 258; *Wakefield* v. *Lithgow,* 3 Mass., 249; *Wilder* v. *Bailey,* id., 289, 295; 2 Kent Com., 643; Story on Bailments, § 202; *Bank of Hartford County* v. *Waterman,* 26 Conn., 324; *Smyth* v. *Ripley,* 32 id., 156; *Day* v. *Welles,* 31 id., 344; *Fowler* v. *Bishop,* id., 560; *Dayton* v. *Merritt,* 33 id., 184; *Tomlinson* v. *Collins,* 20 id., 365; *Smith* v. *Wadleigh,* 18 Maine, 95; *Staples* v. *Staples,* 4 id., 532; *Church* v. *Clark,* 1 Root, 303.

*Waldo,* for defendant, cited 1 Swift Dig., 590; *Bank of Hartford County* v. *Waterman,* 26 Conn., 324; *Lawrence* v. *Rice,* 12 Met., 527, 532; *Bridge* v. *Wyman,* 14 Mass., 190, 195; *Rice* v. *Hosmer,* 12 id., 127; *Phillips* v. *Bridge,* 11 id., 242, 247; *Cooper* v. *Mowny,* 16 id., 5; Gen. Stat., tit. 39, sec. 8.

SEYMOUR, J. This action is against the defendant, as sheriff of Hartford county, for the default of his deputy. The statute makes sheriffs liable for their deputies' defaults and neglect in the execution of their office. It is conceded that the deputy was guilty of a neglect for which he was liable,

and for which the sheriff under the statute is chargeable, unless protected by the statute of limitations. The only question before us relates to the applicability of the statute of limitations to the case.

The facts as found by the Court of Common Pleas are substantially as follows :

The deputy, one Parks, attached personal property on an attachment in favor of Welles and Talcott, the assignors of the plaintiff, and took a receipt for the property attached from one Sheldon, in the usual form of such receipts. Welles and Talcott recovered judgment, and put the execution into the hands of Parks for collection. He demanded the property of the receiptman, and it was not forthcoming, and thereupon, there being no other property to be found, the execution was returned unsatisfied. The deputy without delay commenced an action in his own name on the receipt, and recovered judgment, but pending a motion for a new trial he died, and his widow as administratrix entered to prosecute, and obtained final judgment and execution. The execution has been fully paid and satisfied, and is sufficient to satisfy the first named judgment of Welles and Talcott. During these proceedings to collect the receipt no demand was made upon the deputy for the original debt, but, in the language of the finding, the plaintiff awaited the result of the suit on the receipt. After the money had been collected from the receiptman the plaintiff made demand upon the administratrix of the deputy.

By the statute of limitations no action shall be brought against a sheriff, or sheriff's deputy, but within two years next after the right of action shall accrue. More than two years intervened between the return of the first execution unsatisfied and the commencement of the present suit, and immediately upon such return a cause of action arose against the deputy and against the sheriff, and the statute of limitations must apply, unless there is something in the proceedings on the receipt to take the case out of its operation. Those proceedings appear in the case of *Parks* v. *Sheldon*, 36 Conn., 466. In that suit the plaintiff therein makes this allegation; " and said execution, to wit, the execu-

tion in favor of Welles and Talcott, is wholly unsatisfied, and the plaintiff has become and is liable to pay to the said Welles and Talcott the amount of said execution, with the interest thereon." Upon the faith of this averment being true the deputy procured a judgment in his favor for the amount of said execution and the interest. This judgment was obtained for the very purpose of enabling the deputy to pay the execution, or as indemnity to him if already paid. Welles and Talcott quietly awaited the result of this suit on the receipt, expecting no doubt as usual in such cases, that when the receiptman paid the deputy, the money would be at once paid over to them. Under these circumstances we think the statute of limitations is no defence. As long as the suit was pending there was a continuing acknowledgment of liability, on the faith of which the suit has been successful. The deputy and his administratrix, and by consequence the sheriff, are estopped by these proceedings from now denying the liability which was the very foundation of recovery in the action on the receipt. If the officer had gone to the receiptman, or to the execution debtor, and represented to them that he was liable to pay the execution to the creditor, and had without suit obtained payment on these representations, he could not then turn round and plead that in truth the liability was barred by the statute of limitations. If he could do this he would keep the money as his own, without consideration or equivalent. The case is certainly no better for the officer that he obtained the money by process of law upon similar representations. The deputy then in a suit against him would not be protected by the statute of limitations, and if the deputy would be liable, the sheriff is by the express provision of the statute also liable.

The Court of Common Pleas is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.