JAMES D. SMITH, TREASURER OF THE STATE, *vs.* JOHN D. YALE AND OTHERS.

Where an officer, receiving for service an execution in a foreign attachment suit, neglects to make personal demand on the garnishee within sixty days after the rendition of the judgment, the cause of action against him for the default accrues at the expiration of the sixty days, and not upon the rendering of judgment against the plaintiff in a *scire facias* afterwards brought against the garnishee.

ACTION on a sheriff's bond; brought to the Superior Court in Litchfield County, and tried to the court before *Sanford, J.* Facts found and judgment rendered for the defendants. Appeal by plaintiff. The case is fully stated in the opinion.

*G. H. Welch,* for the plaintiff.

*A. H. Fenn,* for the defendants.

CARPENTER, J. This is an action on the official bond of the sheriff for the default of one of his deputies. The alleged default consisted in an omission to make personal demand of the garnishee in serving an execution issued on a judgment in a suit of foreign attachment. The officer made demand at the usual place of abode of the garnishee, and returned the execution unsatisfied on the 25th day of October, 1878. The execution creditor brought a *scire facias* against the garnishee, which was tried and determined against the plaintiff, on the ground that no personal demand was made of the garnishee at the December, 1880, term of the Superior Court for Litchfield County. This suit was brought May 31st, 1881. One defence on the trial was the statute of limitations—that the suit was not commenced within two years from the time when the cause of action accrued. This defence was sustained by the court below, and the plaintiff appealed. The case must turn upon the answer to the question—when did the right of action accrue?

Smith *v.* Yale.

The plaintiff contends that it did not accrue until the *scire facias* was decided, in December, 1880. The defendant contends that it accrued when the deputy made default, or more accurately, perhaps, when sixty days had expired after the judgment was rendered; which was in October, 1878, or soon after; the precise time does not appear.

In the case of *Bank of Hartford County* v. *Waterman,* 26 Conn., 324, it was determined by this court that the right of action for a default in serving mesne process, (a failure to attach property, and making a false return,) accrued upon the failure to collect the debt on the execution, and, consequently, that the statute did not begin to run until that time. The time of the failure is not definitely stated, but the implication is that it was when the execution was returned unsatisfied; and that is the time stated by SEYMOUR, J., in *Welles* v. *Russell,* 38 Conn., 193.

The plaintiff contends that the same principle applies to this case, for the reason that an execution issued on a judgment in foreign attachment is not a final process necessarily, but may be, and often is, an intermediate step in the proceedings, which are still *in fieri.* Conceding the premises the conclusion does not follow; there is still a material distinction between the services of such an execution and an ordinary writ of attachment. The latter originates a lien on the property attached as security for the debt. In case of a failure to attach the debt may be paid, or the execution may be collected by a levy on other property. If so, the failure to attach does not harm the creditor. Now it cannot be known with certainty that such will not be the result until the execution is returned unsatisfied. Hence it is not certain until then that the creditor was injured by the default, therefore no right of action accrues until then. The former is a step in appropriating property previously attached to the payment of the debt. By the service of the original writ the creditor acquires a right under certain circumstances to collect his debt of the garnishee, or to have the debtor's property in his hands appropriated for that purpose. When demand is made of the garnishee, if he

pays the debt, or delivers to the officer the property of the debtor in his hands, he has done all that can be required of him, and the execution is in fact as well as in name a final process. If he refuses to pay, or deliver up property, then also that process has performed its functions, and is final process like any other execution returned unsatisfied. The creditor then has a right to proceed against the garnishee; but that is done, not by means of the execution against the debtor, but by a new process supplementary in its character against the garnishee. When the officer omitted to make demand of the garnishee within sixty days after judgment rendered, the consequence was not merely that the creditor failed to secure his debt, with a chance of its being paid or collected from other property, but he lost a security previously acquired; and that fact, in connection with the further fact which appears in this case as existing at that time, that the debtor was insolvent and unable to pay the demand, renders it certain that the creditor has lost his debt. Two things are now certain which are uncertain in the case of mesne process—his debt is conclusively established, and it is reasonably certain that it will not be paid. The instant he lost his lien on the property in the hands of the garnishee, the debtor then being destitute of attachable property, he suffered an injury, and the cause of action was complete. It was unnecessary to bring an action against the garnishee in order to establish or prove the injury. The injury already existed and was sufficiently shown when the omission and inability of the debtors to respond was proved. These two circumstances concurring, the legal injury was complete, and further developments were not important.

Again, there is a close analogy between the failure in this case and the failure to comply with some statutory requirement in the levy of an execution on real estate or a sale thereon of personal property. In such a case the law presumes some damage. *Bank of Hartford County* v. *Waterman, supra.* The extent of the damage may depend upon circumstances. It may be the loss of the whole debt, or it may be only of the expense of that proceeding. In this

case the creditor incurred the expense, with no beneficial result, of prosecuting the foreign attachment. It would seem that that of itself would be sufficient to sustain the action, independently of the question whether the debt may or may not be ultimately paid.

The plaintiff's counsel suggest that, as in the case of a failure to serve mesne process it is necessary to wait and see if the debt will be paid, or if it can be collected on an execution, so in this case it is necessary to see if the debt can be collected on the *scire facias*. Perhaps the default will not be noticed, or the garnishee may possibly waive it, or in some way fail to take advantage of it. The suggestion contemplates the possibility of collecting the debt from one who is under no legal obligation to pay it, and who, if he does pay it, may have no claim on the debtor for indemnity. The proceeding against the garnishee was at best an experiment, which, if it had been successful by 'reason of any of the matters suggested, would most likely have resulted in injustice. It is unnecessary to say that the law requires no such experiment.

The law will tolerate, and in some instances require, an effort to collect a debt of the debtor; but it will not tolerate, much less will it require, a creditor to attempt to collect his debt of another who is under no legal or moral obligation to pay it.

Our conclusion is that the cause of action accrued more than two years before the commencement of this suit, and that the Superior Court rightly held that the statute of limitations applied to it.

In this opinion the other judges concurred.