## LLOYD BURRITT *v.* EDWARD PLATE

SUPERIOR COURT STAMFORD-NORWALK JUDICIAL FILE NO. 21545
DISTRICT AT STAMFORD

Memorandum filed September 20, 1983

*Willard & Nusbaum,* for the plaintiff.

*Jones, Damia, Wellman, Kaufman & Borofsky,* for the defendant.

DEAN, J. On or about March 12, 1975, the plaintiff and Theodore Burch, Jr., entered into an agreement whereby the plaintiff would acquire three pieces of John Deere construction equipment and would obtain the titles to them once they were completely paid for. According to the terms of the agreement, Burch would be responsible for the payment of all taxes, operating expenses, and repairs, would maintain insurance on the equipment, and would remit to the plaintiff each month an amount of money which would cover the cost of the monthly installment loan payments.

As a result of the agreement, the plaintiff purchased a 450 B Crawler Loader, a 350 B Wide Track Bulldozer, and a 350 Crawler Loader from Watertown Equipment Company. This equipment was financed through John Deere Industrial Equipment Company. A UCC-1 financing statement was filed in Hartford on March 21, 1975 in the plaintiff's name, which reflected this transaction.

The three pieces of construction equipment were subsequently delivered to Burch's property. He used them to conduct his business. Burch commenced and continued to make the required monthly installment payments to the plaintiff, who remitted the money to the finance company.

In February 1977, the defendant, a sheriff in Fairfield County, was asked to levy an execution on Burch's personal property. Since the defendant had seen the equipment on Burch's land, and had seen him use the equipment, he assumed that it belonged to Burch. Acting on this assumption, the defendant checked the UCC-1 filings in Hartford, and Bethel land records, and the Bethel assessor's records to see if there were any filings on Burch's name on the equipment. Finding no evidence of filings, he thus concluded that Burch owned the equipment outright, and he took possession of it in Bethel. Neither the plaintiff nor Burch was present when the equipment was seized.

The defendant met with Burch subsequent to the seizure of the equipment, but prior to its sale at auction. He testified that this was in order to determine if Burch owned this equipment. After their meeting, the defendant was still of the opinion that the equipment was Burch's. He then placed the required legal notices of the auction in local newspapers. The bulldozer and the two crawler loaders were sold at auction on March 1, 1977. The defendant testified that at no time prior to

the sale was he informed that the equipment was not Burch's. He also testified that he did not learn until approximately three weeks after the auction that the equipment belonged to the plaintiff.

The 450 Crawler Loader and the 350 B Wide Track Bulldozer were ultimately returned to the plaintiff. Burch seems to have disappeared shortly after the equipment was seized and sold. The plaintiff continued to make monthly payments to the lien holder, John Deere Industrial Equipment Company, until the loan was completely paid off, even though he no longer received money from Burch. Because title to the construction equipment passed to him upon the satisfactory completion of the loan payments, the plaintiff is bringing this action for the wrongful taking and conversion of the 350 Crawler Loader.

The question being presented for consideration is whether a sheriff is liable for damages in levying on and selling the property of a third person, under an execution, when he finds the property in the hands of an execution debtor, and was not aware that the third person was the owner of the property levied upon.

No cases have been found in Connecticut that address the particular issue. Therefore, the case law of other jurisdictions has been canvassed as persuasive evidence. Although there is authority to the contrary, the general rule is that where property is in the possession of the defendant in a writ, as apparent owner, and the sheriff or constable at the time of the levy has no actual knowledge or reason to suppose that another person is the true owner, an action cannot be maintained against the officer for seizing such property until he has received notice of the true owner on demand. 80 C.J.S., Sheriffs and Constables § 68.

Case law has held that a sheriff is not guilty of conversion of property when it is taken and sold under an execution when he finds the property in the actual pos-

session and under the control of the execution debtor, until a demand for the return of the property is made or notice given of the ownership of the property, or the sheriff has knowledge of the actual ownership of the same. *Mariner* v. *Wasser,* 117 N.W. 343 (N.D. 1908). Also, *Mattingly* v. *Houston,* 52 So. 78 (Ala. 1910). The sheriff is entitled to make the assumption that property in the possession of the debtor is the debtor's, and thus it becomes his duty to levy upon it accordingly.

In a comparatively recent case on this issue, *Teddy's Drive In, Inc.* v. *Cohen,* 54 App. Div. 2d 898, 388 N.Y.S.2d 20 (1976), the court held that an action may be brought against a sheriff who seizes property which is in the possession of a person named in a writ, if the sheriff at the time of the levy has no actual knowledge or reason to suppose that another person is the true owner, and if before the sale the sheriff receives notice of the true ownership and refuses to restore the property to the true owner.

It is obvious that a sheriff must use due care and diligence in determining who the true owner of the property is before it is sold to avoid liability for conversion. Duty to use due care may arise from contract, from statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 441 A.2d 620 (1982). Failure to exercise due care is negligence and whether there is such a failure must depend on the circumstances of a particular case. Generally, in the absence of some rule of conduct specifically prescribed by legislation, the standard of due care is that of the ordinary prudent person under the circumstances. *Steinhaus* v. *Steinhaus,* 145 Conn. 95, 139 A.2d 55 (1958).

Case law is divided on the issue of a sheriff's liability, with decisions going both ways. In this case, however, and under these facts, it is apparent that the defendant made a concerted effort to determine the ownership of the equipment prior to its sale at auction. He did everything that the law required and that a reasonably prudent person would have done. He was obligated to exercise due care and diligence and he did so.

Accordingly, judgment may enter in favor of the defendant.