## FAIR CADILLAC OLDSMOBILE CORPORATION *v.* CHARLES J. ALLARD
### (14061)

O'Connell, Lavery and Heiman, Js.

Argued March 20—officially released June 11, 1996

---

*Abraham I. Gordon,* with whom were *Ronald D. Japha,* and, on the brief, *Richard S. Scalo,* for appellant-appellee (defendant-third party plaintiff).

*Michael S. McKenna,* for the appellee-appellant (plaintiff).

O'CONNELL, J. This appeal arises out of a judgment of $165,708.43 rendered in favor of Bernard Meehan and against Fair Cadillac Oldsmobile Corporation (Fair Cadillac) by the United States District Court for the District of Connecticut. After the expiration of the ten day automatic stay mandated by rule 69 of the Federal Rules of Civil Procedure, Meehan, through his attorney William Laviano, filed an application for an execution to be served on any bank at which Fair Cadillac maintained an account. On July 26, 1989, the clerk of the United States District Court signed the execution and issued it to Laviano. Laviano in turn delivered the execution to Deputy Sheriff Charles J. Allard, with instructions to serve it. Allard levied the execution on the Connecticut National Bank. At Laviano's request, the bank paid the funds directly to him instead of paying them to Allard.[1]

On August 2, 1989, Meehan and Fair Cadillac entered into a settlement agreement in which Fair Cadillac agreed to pay Meehan $150,000 in damages in addition to Allard's sheriff's fees. Pursuant to this agreement, Allard was paid $9942.51 in fees.[2] The settlement agreement, however, also provided that Fair Cadillac's

---

[1] We take no position as to the legality or propriety of this procedure.

[2] The accuracy of this fee is uncontested in this appeal.

payment of the "claimed sheriff's fees" was not to be construed as a waiver of the right to challenge the validity of the execution at a later time. Fair Cadillac thereafter made demand on Allard for return of the sheriff's fees he received for levying on its bank account. Allard refused.

On September 12, 1989, Fair Cadillac brought a two count action against Allard alleging that he (1) wrongfully converted the sheriff's fees to his own use because the execution was void, and (2) unlawfully took Fair Cadillac's property by refusing to return the sheriff's fee, thereby entitling it to treble damages. Allard filed a third party complaint against Meehan and Laviano seeking indemnification from them.

Following a court trial, the trial court rendered judgment for Fair Cadillac in the amount of $9942.51 plus interest, attorney's fees[3] and costs on the first count and for Allard on the second count. The trial court also rendered judgment for Meehan and Laviano on the third party complaint.

Allard appealed, claiming that the trial court incorrectly (1) held that the United States District Court had improperly issued the execution, (2) held that the defendant was liable for levying the execution, which was valid on its face, (3) rendered judgment against him on his third party complaint, and (4) denied his motion for summary judgment. Fair Cadillac cross appealed, claiming that the trial court improperly held that it was not entitled to treble damages. We reverse the judgment of the trial court on Allard's appeal and affirm the trial court's judgment on Fair Cadillac's cross appeal.

The dispositive issue in this appeal is whether the trial court improperly held Allard liable for levying a

---

[3] Attorney's fees resulted from Allard's failure to accept the plaintiff's offer of judgment. See Practice Book § 350.

facially valid execution. The plaintiff argues that the execution, although valid on its face, was void because the United States District Court should not have issued it. We do not reach this issue because a sheriff is not required to look beyond the process that is given to him for service. *Neth* v. *Crofut*, 30 Conn. 580, 581 (1862).

A sheriff has a statutory duty to serve and to make prompt return of all process that is given to him for service. General Statutes § 6-32. Under § 6-32, a sheriff who neglects to make demand pursuant to an execution becomes liable for default in the performance of his duties; *Smith* v. *Yale*, 50 Conn. 526, 527 (1883); and is liable for double damages to the aggrieved party. General Statutes § 6-32.[4]

Additionally, it is well established in Connecticut that if a writ appears to be good on its face, appears to have been issued by a competent authority, and has been issued with legal regularity, a sheriff has a duty to serve it and will be protected in making such service. *Watson* v. *Watson*, 9 Conn. 140, 147 (1832). "When we speak of process 'valid on its face,' in considering whether it is sufficient to protect an officer, we do not mean that its validity is to be determined upon the basis of scrutiny by a trained legal mind; nor is it to be judged in the light of facts outside its provisions which the officer may know. . . . Unless there is a clear absence of jurisdiction on the part of the court or magistrate issuing the process, it is sufficient if upon its face it appears to be valid in the judgment of an ordinarily intelligent and informed layman. To hold otherwise would mean

---

[4] General Statutes § 6-32 provides in relevant part: "Each sheriff and each deputy sheriff shall receive each process directed to him when tendered, execute it promptly and make true return thereof . . . . If any sheriff does not duly and promptly execute and return any such process or makes a false or illegal return thereof, he shall be liable to pay double the amount of all damages to the party aggrieved."

that an officer must often act at his peril or delay until he has had an opportunity to search out legal niceties of procedure . . . ." (Citations omitted.) *Aetna Ins. Co.* v. *Blumenthal*, 129 Conn. 545, 553–54, 29 A.2d 751 (1943).[5]

Allard's dilemma in this case is obvious. If he failed to serve the execution promptly and the funds were withdrawn from the bank during his delay, he would have been liable to Meehan and Laviano for twice the amount he should have levied on the bank. If, however, Fair Cadillac is correct that the execution is void, then Allard might be liable to Fair Cadillac for treble damages because he served it. See General Statutes § 52-565.

The plaintiff asks us to conclude that, in addition to his statutory duty to serve an execution, a sheriff is responsible for ascertaining any possible legal defects in a facially valid execution. The law does not require or expect sheriffs to have the education and training to make such determinations. In this case, the chief clerk of the United States District Court testified that the execution was validly executed by his office in accordance with the Federal Rules of Civil Procedure. We cannot expect a sheriff to declare such process void and will not impose liability on the sheriffs of this state for the failure to do so. Accordingly, we conclude that Allard is entitled to his fees for serving the execution. We do not reach the other claims raised by the parties.

On the defendant's appeal, the judgment against him on the complaint is reversed and the case is remanded with direction to render judgment for the defendant; the judgment on the defendant's third party complaint

---

[5] The plaintiff cites cases that concern void judgments. These cases are inapposite here because there has been no claim that the underlying United States District Court judgment was void.

is affirmed. On the plaintiff's cross appeal, the judgment is affirmed.

In this opinion the other judges concurred.