[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff, Park Distributors, Inc., is a corporation organized and existing under the laws of Connecticut. In 1991, the plaintiff was a defendant in a lawsuit filed by Freeman, Davis, Furgatch and Company. On January 9, 1992, a judgment, in the amount of $13,397.80, was rendered against the plaintiff, defendant therein.
On or about July 20, 1993, the defendant, Deputy Sheriff Donald Mattice, executed on a judgment of $15,613.13 against the plaintiff, Park Distributors, Inc. At the time of the execution, the plaintiff maintained two accounts with the defendant bank, UST Bank Connecticut. One account was a general business account, while the other was a profit sharing trust CT Page 961 account. This latter account, entitled "Park Distributors, Inc., Profit Sharing Account," was maintained for the purpose of funding a pension plan for the plaintiff's employees. The execution carried out by the defendant Sheriff Mattice debited the sum of the judgment from this profit sharing account.
In a revised complaint filed September 9, 1996, the plaintiff brought a four-count complaint against Sheriff Mattice and UST Bank Connecticut. The four counts allege that the defendant UST Bank Connecticut wrongfully allowed the defendant Mattice to execute the previous judgment against the plaintiff. Counts one, two and four are directed against the defendant UST Bank Connecticut and are based on, respectively, violation of General Statutes § 52-352b, failure to follow General Statutes § 52-361a and conversion. Count three, which is directed against the defendant Sheriff Mattice, incorporates count one and further alleges that Mattice wrongfully executed on monies within the Trust Profit Sharing Account.
Defendant Sheriff Mattice (hereinafter the defendant), filed a motion to strike count three and the third prayer for relief, asking for attorney's fees. The plaintiff filed its objection on March 20, 1997. Both parties submitted appropriate supporting memoranda. Argument was heard on short calendar on December 15, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation mark omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996).
In his memorandum accompanying the motion to strike, the defendant offers several arguments in support of his motion to strike. First, the defendant argues that any action by the plaintiff is barred as the statute of limitations authorizing suit against sheriffs and deputies, General Statutes § 52-583, has already run.[1] Second, the defendant argues that the defendant cannot be held liable for having served an execution valid on its face. Third, the defendant maintains that the CT Page 962 exemption which the plaintiff claims applied to its Profit Sharing Account applies only to natural persons and not corporations such as the plaintiff.
In its objection to the motion to strike, the plaintiff argues that General Statutes § 52-583 does not apply in the present case. Rather, the plaintiff argues that since the action sounds in conversion, the three year statute of limitations recited in General Statutes § 52-577 applies.[2]
Furthermore, the plaintiff claims that the defendant breached his duty of care toward the plaintiff and should thus be held liable for the execution on the improper account.
 I. Whether liability exists for service of the execution
Construed in a manner most favorable to the plaintiff, the third count alleges that the defendant has converted the plaintiff's account by executing the previous judgment on the wrong account. Connecticut law recognizes a cause of action for conversion in tort. See Faulkner v. Samperi, 190 Conn. 412,461 A.2d 681 (1983). The tort of conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. Id., 419.
"There are two general classes into which conversions are grouped: (1) those where the possession is originally wrongful, and (2) those where it is rightful. The first class comprises a conversion by a wrongful taking, or by an illegal assumption of ownership, or by an illegal user or misuse, or by any other form of possession wrongfully obtained. The second class comprises those where the possession, originally rightful, becomes wrongful by a wrongful detention." Coleman v Francis,102 Conn. 612, 615, 129 A. 718 (1925). As there is no allegation that the defendant kept any of the funds following his execution on the plaintiff's account, any claim of conversion on the part of the defendant must fall into the first category.
The question that remains to be addressed is whether or not the defendant's execution of the wrong account can be said to constitute a wrongful possession within the first category of common-law conversion. The court believes that the sheriff's actions in mistakingly levying a facially valid execution on the wrong account do not constitute a wrongful taking and thus the CT Page 963 motion to strike the third count should be granted.
A sheriff must use due care and diligence when executing a judgment. Burritt v. Plate, 40 Conn. Sup. 103, 106,481 A.2d 425 (1983). The plaintiff claims that the defendant failed to exercise such due care and diligence when he executed the outstanding judgment on the wrong account of the plaintiff. The plaintiff alleges that the defendant should have been aware that the profit sharing trust account was exempt from execution under General Statutes § 52-352b, which lists property that is exempt from attachment or execution.[3] Accordingly, the plaintiff contends that the execution of the pre-existing judgment on a wrong account constituted a lack of due care and diligence.
It has been consistently held that a sheriff is not required to look beyond the process that is given to him for service. Fair Cadillac Oldsmobile Corp. v. Allard,41 Conn. App. 659, 662, 677 A.2d 462 (1996). Once provided with a facially valid execution, it is the duty of the sheriff to make demand pursuant to those executions. Failure to do so renders the sheriff liable to the party seeking performance. Id., 662-63. In Fair Cadillac Oldsmobile Corp v. Allard,supra, 41 Conn. App. 659, the defendant sheriff was found not to be liable for wrongful conversion even after receiving and keeping a portion of an executed judgment, later to be found invalid, as part of the sheriff's fees. In that case, the Appellate Court held that a process was valid as long as it "appears to be valid in the judgment of an ordinarily intelligent and informed layman." Id., 662. Validity of an execution, accordingly, was not to be determined upon the "basis of scrutiny by a trained legal mind; nor is it to be judged in the light of facts outside its provisions which the officer may know . . . ." Id.
Therefore, even if the defendant executed on the wrong account, his actions were within the scope of his duties and thus do not lead to a wrongful possession that would allow the plaintiff to hold the defendant liable for conversion.[4]
 II. Whether attorney's fees should be stricken from the prayer of relief.
The defendant also moves to strike the paragraph claiming attorney's fees from the prayer for relief. The plaintiff has not addressed this issue in his objection to the motion to CT Page 964 strike.
Generally, attorney's fees may not be recovered, either as costs or damages, absent contractual or statutory authorization. Attorney's fees may be awarded, however, as a component of punitive damages. Farrell v. Farrell, 36 Conn. App. 305, 311,650 A.2d 608 (1994). "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76, 77,485 A.2d 1305 (1985).
At least one court has held that in a conversion action, punitive damages may be awarded upon a showing of fraud. NewEngland State v. Stankowski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140796 (March 14, 1995) (Lewis, J.). Without a finding of punitive damages, attorney fees cannot be awarded for a claim of conversion. Id.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed . . . . The elements of a fraud action are: 1) a false representation was made as a statement of fact; 2) the statement was untrue and known to be so by its maker; 3) the statement was made with the intent of inducing reliance thereon; and 4) the other party relied on the statement to his detriment . . . ." (Citation omitted.) Mullerv. Muller, 43 Conn. App. 327, 337, 682 A.2d 1089 (1996).
The plaintiff has neither pleaded a conversion substantiated by fraud; Nor, has the plaintiff alleged that it is entitled to attorney's fees as a result of contract or statute.
Therefore, the defendant's motion to strike the third count of the plaintiff's complaint, and attorney's fees in the prayer for relief, is granted.
SKOLNICK, JUDGE