## STATE OF CONNECTICUT *v.* ANDRE HUCKABEE
## (AC 17908)

Schaller, Hennessy and Sullivan, Js.

Argued March 18—officially released September 7, 1999

*William B. Westcott,* special public defender, for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Roger Dobris,* assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Andre Huckabee, appeals from the judgment of the trial court, revoking his probation and sentencing him to serve the term of his suspended sentence. The sole issue on appeal is whether the trial court improperly admitted into evidence an attendance report without which the defendant claims there was insufficient evidence to find a probation violation.

The following facts are relevant to the resolution of this issue. The defendant pleaded guilty to manslaughter in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-56 (a) (1). On October 18, 1996, the trial court imposed a ten year sentence, execution suspended after four and one-half years.[1] On October 26, 1996, the defendant met with Suzanne Kuziak, his probation officer, to review and sign documents that specified the conditions of his probation as well as the intensive supervision that required that he meet Kuziak weekly. Under the terms of his probation, the defendant was required to comply with intensive supervision as long as the office of adult probation deemed appropriate, to attend school, to attempt to secure employment, to submit to random urinalysis, to possess no weapons and to submit to psychological evaluations.

---

[1] The date of the underlying offense was November 22, 1992. Although the record is not clear, it appears that the defendant may have been credited for the time he was incarcerated and for good time accumulated prior to sentencing. Thus, one week after the imposition of the sentence, the defendant was able to meet with his probation officer.

Because the defendant was neither attending school nor gainfully employed, Kuziak referred him on November 26, 1996, to Project More, a service provider for the alternative incarceration center program. Although the office of adult probation makes referrals to and contracts with the alternative incarceration program and Project More, neither entity is part of the office of adult probation. On December 2, 1996, the defendant reported to Chris Watts at Project More for the first time as required. The defendant was to attend Project More five days a week from 9 a.m. to noon.

Kuziak received a report from Watts at Project More dated January 10, 1997, that indicated that the defendant had missed twenty-one days by that date and that the alternative incarceration program was seeking to terminate him.[2] Kuziak testified that she is required to keep records of the defendant's attendance at the alternative incarceration program as part of the supervision. After admonishing the defendant about the need to improve his attendance and persuading the alternative incarceration program not to terminate him, Kuziak noted that the defendant's attendance slipped again in February and that he also missed two appointments with her. Kuziak applied for a warrant for the defendant's arrest on February 19, 1997. Upon finding a probation violation by a preponderance of the evidence, the trial court revoked probation and sentenced the defendant to serve the five and one-half years of his suspended sentence.

The defendant claims that the trial court improperly admitted Project More's attendance report, that the report was hearsay and that, but for the improper admission of this report, there would have been insufficient

---

[2] The report indicated that the defendant missed all the days for the week ending January 11, 1997. The defendant attacks the reliability of the report on this basis, since the report was dated January 10, 1997. January 11, 1997, however, was a Saturday.

evidence to support the trial court's finding of a violation. Specifically, the defendant argues that the report was hearsay not subject to any recognized exception for admissibility and was not otherwise reliable. We disagree.

"On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference. . . . Rulings on such matters will be disturbed only upon a showing of clear abuse of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Jurgensen,* 42 Conn. App. 751, 754, 681 A.2d 981, cert. denied, 239 Conn. 931, 683 A.2d 398 (1996). General Statutes § 52-180 provides a business records exception to the hearsay rule.[3] "Section '52-180 permits hearsay evidence to be admitted if (1) this writing was made in the regular course of business, (2) it was the regular course of the business to make such a writing, and (3) the writing was made at the time of the transaction or occurrence or within a reasonable time thereof. *State* v. *Scott,* 31 Conn. App. 660, 665, 626 A.2d 817 (1993). To qualify a document as a business record, the party

[3] General Statutes § 52-180 provides in relevant part: "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter.

"(b) The writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of the evidence, but not to affect its admissibility.

\* \* \*

"(d) The term 'business' shall include business, profession, occupation and calling of every kind."

offering it must present a witness who testifies that these three requirements have been met. *State* v. *Lawler,* 30 Conn. App. 827, 831–32, 622 A.2d 1040 (1993). The trial court has discretion to determine whether the statute is satisfied and appellate courts must construe the statute liberally when reviewing abuse of discretion. *State* v. *Scott,* supra [665]; *State* v. *Lawler,* supra [832].' *Connecticut Bank & Trust Co., N.A.* v. *Reckert,* 33 Conn. App. 702, 709–10, 638 A.2d 44 (1994)." *Connecticut National Bank* v. *Marland,* 45 Conn. App. 352, 360–61, 696 A.2d 374, cert. denied, 243 Conn. 907, 701 A.2d 328 (1997).

"Section 52-180 does not require that a business record be prepared by an organization itself in order to be admissible as a business record of that organization. *State* v. *Wilson-Bey,* 21 Conn. App. 162, 168–69, 572 A.2d 372, cert. denied, 215 Conn. 806, 576 A.2d 537 (1990); *Crest Plumbing & Heating Co.* v. *DiLoreto,* 12 Conn. App. 468, 475, 531 A.2d 177 (1987). If, however, the organization does not prepare the document itself, then the entrant must have a duty to that organization to prepare the record in order for it to be admissible under § 52-180. See *State* v. *Sharpe,* 195 Conn. 651, 663, 491 A.2d 345 (1985); *Mucci* v. *LeMonte,* [157 Conn. 566, 569, 254 A.2d 879 (1969)]. Section 52-180 should be liberally construed. *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 141, 520 A.2d 173 (1987); *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.,* [190 Conn. 371, 390, 461 A.2d 422 (1983)]. Appellate review of the admission of a document under § 52-180 is limited to determining whether the trial court abused its discretion. *Jefferson Garden Associates* v. *Greene,* supra [141]." *River Dock & Pile, Inc.* v. *O & G Industries, Inc.,* 219 Conn. 787, 794–95, 595 A.2d 839 (1991).

Kuziak testified that the office of adult probation contracted with the alternative incarceration program for its services. The program provided regular atten-

dance records, and it was Kuziak's duty to keep those records. Kuziak testified that she had utilized the records regularly to keep track of persons on probation and that she had found them to be reliable. We conclude that the trial court properly admitted the attendance report under the business records exception.

As a second basis for admissibility, the trial court concluded that the report, even if hearsay, was admissible under the looser admissibility standards of probation revocation proceedings. See *State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975) (hearsay testimony admissible at probation revocation if reliable and not unsupported). We need not reach that issue because our conclusion that the requirements for the business records exception are satisfied is dispositive of this appeal.

The judgment is affirmed.

In this opinion the other judges concurred.