# IN RE MARTIN K.*
## (AC 18917)

O'Connell, C. J., and Foti and Daly, Js.

Argued September 20—officially released November 30, 1999

*Mary Ann Barile*, for the appellant (respondent mother).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (petitioner).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

PER CURIAM. The respondent mother[1] appeals from the judgment of the trial court terminating her parental rights with respect to her son. The sole issue is whether the court had clear and convincing evidence to support its decision to terminate the parental rights of the respondent. We affirm the judgment of the trial court.

On appeal, the respondent asks this court to review the trial court's findings of fact. It is well established that an appellate court cannot retry the facts. Our review is limited to determining whether the trial court's judgment was clearly erroneous or contrary to law. *Northeast Parking, Inc.* v. *Planning & Zoning Commission*, 47 Conn. App. 284, 290–91, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998).

In this case, the court filed a detailed and comprehensive memorandum of decision reciting the facts that it found to support its decision. "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997). Because the court's findings were not clearly erroneous, we cannot disturb them.

The judgment is affirmed.

---

[1] The trial court terminated the parental rights of the respondent mother, who participated in the termination proceedings, and two putative fathers, who did not appear at trial. Only the respondent mother has appealed. We refer to her as the respondent in this opinion.