# IN RE FELICIA B. ET AL.*
## (AC 19122)

Lavery, Mihalakos and Daly, Js.

Argued December 16, 1999—officially released February 1, 2000

*Michael J. Melly*, for the appellants (intervenors).

*Paula D. Sullivan*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Eric J. Palladino*, for the minor children.

*Opinion*

PER CURIAM. The intervenor appellants, the respondent father's parents and sister, appeal from the judgments of the trial court terminating the respondents'

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

parental rights. The intervenor appellants challenge the denial of their motion for custody or visitation issued incidental to the dispositional phase of the proceedings.[1] They claim that the trial court improperly (1) precluded them from calling as witnesses supervisors in the department of children and families, (2) based its decision on facts not in evidence and (3) denied them their rights to due process. We disagree.

At a dispositional hearing under General Statutes § 17a-112 (d), the emphasis appropriately shifts from the conduct of the parents to the best interests of the children. *In re Romance*, 229 Conn. 345, 356–57, 641 A.2d 378 (1994). "Our review is limited to determining whether the trial court's judgment was clearly erroneous or contrary to law." *In re Martin K.*, 56 Conn. App. 10, 11, 741 A.2d 10 (1999).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) Id.

In this case, the trial court filed a detailed and comprehensive memorandum of decision reciting the facts that it found to support its decision. The court stated, inter alia, that the paternal grandmother "was aware that her son pled guilty to the charges stemming from the abuse . . . [but that] she had doubts that her son

---

[1] The trial court terminated the parental rights of both the father and mother, to which both parents consented. In addition, after admitting to sexually abusing Felicia and causing sexual contact between both children, the father was convicted of sexual abuse of the children. Furthermore, the mother also admitted to sexually abusing Felicia, although she claimed the father coerced her to participate in the abuse. Neither parent has appealed.

sexually abused the children and does not believe that he did so." As to the paternal grandfather, "he did not believe that there was any physical or emotional abuse . . . by . . . his son, although he stated that he believed there was sexual abuse. . . . [T]he paternal aunt . . . took much the same position."

In addition, the trial court found that the intervenor appellants "did not demonstrate empathy for the plight of these children and could not, from the court's observations, place the children's needs ahead of their own needs for family integrity." The trial court concluded specifically that "[the paternal relatives] have not grasped the very crux of the matter; that they cannot safeguard and provide care in the children's best interests while still clinging to the hope that their son did not sexually abuse their grandchildren."

After a complete review of the record, we find no denial of due process and conclude, therefore, that there was sufficient evidence to support the trial court's determination that it was in the best interests of the children to deny the motion.

The judgments are affirmed.