IN RE CHRISTOPHER L. ET AL.*
(AC 19723)

Landau, Zarella and O'Connell, Js.

Argued March 21—officially released June 20, 2000

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Maureen E. Donahue,* for the appellant (respondent mother).

*Maureen D. Regula,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Susan T. Pearlman,* assistant attorney general, for the appellee (petitioner).

*Thomas S. Becker,* for the minor children.

*Opinion*

PER CURIAM. The respondent mother[1] appeals from the judgments of the trial court terminating her parental rights with respect to her three minor children. She challenges the court's determination that the petitioner, the commissioner of children and families, proved by clear and convincing evidence (1) that the children had been denied, by reason of an act or acts of parental commission or omission, the care, guidance, or control necessary for the children's physical, educational, moral or emotional well-being, (2) that the respondent had failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the children, she could assume a responsible position in the lives of the children, and (3) that termination of the respondent's parental rights would be in the best interests of the children.

Our examination of the record and briefs and consideration of the arguments of the parties persuades us that the judgment of the court should be affirmed. The court issued a memorandum of decision setting forth

---

[1] The court terminated the parental rights of the respondent mother, who participated in the termination proceedings, and two putative fathers, who did not appear at trial. Only the respondent mother has appealed. We refer to her as the respondent in this opinion.

detailed findings of fact. "It is well established that an appellate court cannot retry the facts. Our review is limited to determining whether the court's judgment was clearly erroneous or contrary to law." *In re Martin K.*, 56 Conn. App. 10, 11, 741 A.2d 10 (1999); see also *In re Luis C.*, 210 Conn. 157, 169, 554 A.2d 722 (1989). We, therefore, will not disturb the court's factual findings, as they are not clearly erroneous.

Additionally, the court properly considered the relevant case law and weighed the factors enumerated in the statutes, and we therefore find the court's conclusions fully supported by the record. *In re Felicia D.*, 35 Conn. App. 490, 504, 646 A.2d 862, cert. denied, 231 Conn. 931, 649 A.2d 253 (1994).

The judgments are affirmed.