[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPEAL FROM FAMILY SUPPORT MAGISTRATE
CT Page 3278
On April 25, 2000, Family Support Magistrate Edmund Miller heard evidence as to the respondent's, Joseph Sender, motion to modify child support. At the time of the hearing, the respondent was paying $210 per week for child support and $42 per week on an arrearage to the petitioner Doretta Sender. As of April 24, 2000, the arrearage owed to the petitioner was $5,137.93. At the time of the divorce, the respondent's gross income was $706 and his net income per week was $563 when the original child support of $210 was rendered by the court.[1]
At the hearing before Magistrate Miller, the respondent testified that he is currently employed by a different company and his gross income is $440 per week, plus an additional $25 per week for overtime pay. The respondent submitted pay stubs as evidence of his current income. When questioned by the petitioner, the respondent also testified that he: earned $14.50 per hour at his former job, even though evidence was submitted by the petitioner demonstrating that the respondent earned $24 an hour by his former employer; made an effort to seek higher paying employment until he secured his present job; did not know if he was presently pursuing a potential workers' compensation claim he had been pursuing back in June of 1999, even though he had secured counsel to represent his interest on the workers' compensation claim; had no knowledge of a retirement plan with his former employer in the amount of $909.22; and had given his three vehicles and his motorcycle to his girlfriend, even though he retained possession of one of the vehicles and the motorcycle.
On April 25, 2000, the respondent was ordered to pay $3500 of the $5,137.92 arrearage. The court reserved judgment on the motion for modification of child support.
In a memorandum of decision filed on October 3, 2000, the respondent's motion to modify child support was denied. Magistrate Miller found that none of the respondent's testimony given at the April 25, 2000 hearing was credible; that based upon the evidence the respondent's earning capacity is at least equal to the amount he was earning at the time of the divorce; and that the respondent failed to establish either a substantial change in circumstances or a substantial deviation from the guidelines to support a modification of his child support obligation.
On October 17, 2000, the respondent appealed the magistrate's order in this court.
"The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231 (n)." Sherman v. Sherman,
CT Page 327941 Conn. App. 803, 806, 678 A.2d 9 (1996). General Statutes § 46b-231
(n) provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . not later than fourteen days after filing of the final decision . . . or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon. In a IV-D support case, such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record. Service upon the IV-D agency may be made by the appellant mailing a copy of the petition by certified mail to the office of the Attorney General in Hartford." This court finds that the respondent commenced his appeal in a timely fashion and that he also certified that the petitioner and the Attorney General were served copies of the appeal pursuant to General Statutes § 46b-231 (n)(2)
The test for determining whether a party is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision.Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995). This court finds that, because the magistrate ordered the respondent to pay more than the child support guidelines suggest based upon the respondent's financial affidavit, the respondent's specific, personal and legal interest has been specially and injuriously affected. The Superior Court, therefore, has jurisdiction to consider this appeal because the respondent properly and timely filed the present appeal and is aggrieved by Magistrate Miller's decision.
The respondent argues that Magistrate Miller erred in admitting an income verification form into evidence over a hearsay objection. The respondent also argues that because the evidence demonstrated that the respondent lost his former job due to a corporate buy-out, that the magistrate's findings on the issue of the defendant's earning capacity was arbitrary and erroneous, and contrary to the evidence submitted. Further, the respondent argues that the magistrate's findings concerning the respondent's credibility is insufficient to justify the magistrate's decision because the findings concerning the respondent's credibility does not affect the child support obligation suggested by the child support guidelines.
The Connecticut Code of Evidence § 8-4 (a) provides, in relevant part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, CT Page 3280 occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter." "There is no requirement that a business record actually be made by an organization itself in order to be admissible as a record of that organization. River Dock Pile, Inc. v. OG Industries, Inc.,219 Conn. 787, 795, 595 A.2d 839 (1991). It is sufficient if the entrant has a duty to the other organization for which the document was prepared, State v. Huckabee, 54 Conn. App. 758, 762-63, 738 A.2d 681
(1999), and that the organization kept the record as one of its own records, Crest Plumbing Heating Co. v. DiLoreto, 12 Conn. App. 468,475-76, 531 A.2d 177 (1987)." Tait's Handbook of Connecticut Evidence (3rd ed. 2001) § 8.28.4(b), p. 669. In the present case, Union Camp Corporation had a duty to the support enforcement division to fill out the income verification form,[2] and the support enforcement division kept the record as one of its own records.[3] Therefore, the income verification form submitted by the petitioner was properly allowed into evidence as a business record.
"It is well established that in a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony . . ." (Citation omitted; internal quotation marks omitted.) Powers v. Olson, 252 Conn. 98, 105, 742 A.2d 799
(2000). This is so because "the trier of fact's assessment of the credibility of the witnesses [is) based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) In re Felicia B., 56 Conn. App. 525, 526, 743 A.2d 1160, cert. denied, 252 Conn. 952, 748 A.2d 298 (2000). "The trial court . . . is not bound by the uncontradicted testimony of any witness . . . and is in fact free to reject such testimony." (Citations omitted.) In re Hector L.,53 Conn. App. 359, 366, 730 A.2d 106 (1999). Moreover, the trial court "has the right to accept part and disregard part of the testimony of a witness . . ." (Citation omitted.) Griffin v. Nationwide Moving StorageCo., 187 Conn. 405, 422, 446 A.2d 799 (1982).
"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts . . . [T]he foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal CT Page 3281 quotation marks omitted.) Simmons v. Simmons, 244 Conn. 158, 174-75,708 A.2d 949 (1998).
In its memorandum of decision, "the court [did] not find any of the defendant's testimony credible. The defendant was only forthright when confronted with the truth on cross-examination. He misled the court and the plaintiff with much of his testimony, as well as through the selective disclosure of assets on his financial affidavit." This language clearly indicates that because the magistrate did not find any of the respondent's testimony credible, the respondent's testimony was not considered when determining whether a modification in child support was warranted. "A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper . . ." (Citation omitted.) Savagev. Savage, 25 Conn. App. 693, 696, 596 A.2d 23 (1991). Magistrate Miller found the respondent's testimony was unreliable, that the evidence submitted by the moving party did not demonstrate clearly and definitely that a substantial change in circumstances had occurred which would warrant a modification in child support. The magistrate's findings on the issue of the defendant's earning capacity was not arbitrary and erroneous based on the evidence submitted by the respondent.
For the foregoing reasons, the October 3, 2000 order of Magistrate Miller is affirmed.
The Court
By Grogins, J.